J-A26012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZERRIUS KEYTWAUN BOYD | : | |
| | : | |
| Appellant | : | No. 994 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 27, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000618-2021

BEFORE: BOWES, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED: NOVEMBER 22, 2024**

Zerrius Keytwaun Boyd appeals from the aggregate sentence of thirty to sixty months in prison following his convictions for various drug and weapon-related offenses. We affirm.

We glean the following background from the certified record. In October 2021, Appellant was under the supervision of the Pennsylvania Board of Probation and Parole ("PBPP"), specifically agent Deborah Kappeler. During that month, Agent Kappeler received information that there may be illegal drugs and weapons at 328 Washington Avenue in Oil City, which was Appellant's approved residence for supervision. With the assistance of local police, she and several other PBPP agents went to the residence to conduct a home search on October 29, 2021, utilizing a drug sniffing canine. Upon arrival, they encountered Appellant outside the house and detained him, seizing keys from his pocket.

While searching the house, the canine alerted to a safe that was in an alcove near the mudroom. Using one of the keys from Appellant, the agents opened the safe and found a handgun, a magazine filled with bullets, brass knuckles, a tray containing a powdery substance, a razor blade, a scale, a straw, and an insurance card with Appellant's name on it, as well as another locked box. At that point, the agents ceased the search and informed police of their findings. They also photographed the contents of the safe. Oil City police then obtained subsequent warrants for the lock box and other items within the house, ultimately recovering both heroin and cocaine in addition to the objects listed.

Based on the above, Appellant was charged with two counts each of possession with intent to deliver and possession of a controlled substance, as well as one count each of person not to possess a firearm,[1] possession of an offensive weapon, and possession with intent to deliver drug paraphernalia. The matter had a somewhat tortured procedural history, with Appellant cycling through attorneys several times and filing multiple *pro se* motions and petitions while represented, including no less than seven petitions for *habeas corpus* relief or petitions to amend the same. Pertinent here, one of Appellant's filings from January 2023 purported to challenge the conditions of his confinement. The filing was re-docketed to a separate civil case that

---

[1] This charge was withdrawn by the Commonwealth prior to trial.

Appellant filed against Mark Bishop, the warden of the Venango County Jail.[2] The record does not reflect that Appellant presented any testimony or evidence concerning the conditions of his imprisonment at any hearing.

The case was scheduled for trial and proceeded to jury selection in early January 2023, during which the trial court and counsel conducted the typical *voir dire* procedure. At one point, defense counsel asked the potential jurors if there was any general reason why they did not believe they could sit for trial. Potential juror 107 raised her hand, and upon request approached sidebar. There, she discussed how she knew a neighbor that overdosed on drugs, and she expressly indicated that this experience would prevent her from being a fair juror. At Appellant's request, she was excluded from the pool. Appellant did not thereafter move the court to dismiss any of the remaining panel members, and a jury was fully selected.

On January 11, 2023, after the jury was empaneled but a week before trial had begun, Appellant filed his second motion to proceed *pro se*.[3] In the filing, Appellant asserted that his court-appointed counsel hung up on him during a call after revealing that there was additional discovery provided by the Commonwealth. The trial court denied the request, determining that based on the circumstances and timing, it was made for the purpose of delaying trial.

_____

[2] As such, the filing is not included with the certified record of the instant case.

[3] With regard to the first motion, Appellant subsequently withdrew it at a hearing only six days prior.

- 3 -

Thus, a jury trial commenced on January 18, 2023, with Appellant represented by counsel. Therein, the Commonwealth called several witnesses who testified in accordance with the above facts. Notably, Appellant testified in his defense, disputing that he resided at the house in question or that he was ever approved by the PBPP to live there. In response, the Commonwealth recalled Agent Kappeler as a rebuttal witness. Through her, it introduced a document relating to Appellant's home approval plan as evidence that he lived there. While Appellant's counsel initially objected to admission of this document based upon the need to lay a proper foundation, the Commonwealth subsequently elicited additional testimony, and the exhibit was thereafter admitted without objection.

At the conclusion of trial, Appellant was convicted of all charges. He filed a motion to proceed *pro se* prior to sentencing, which the trial court granted on February 16, 2023 after conducting an on-the-record colloquy. Appellant was later sentenced as indicated hereinabove. Appellant filed a *pro se* post-sentence motion and amendment, which the court denied after a hearing. The court later appointed new counsel for Appellant. Appellant timely appealed and complied with the court's order to file a statement of errors pursuant to Pa.R.A.P. 1925(b).[4] The court issued a responsive opinion.

_____

[4] In actuality, the procedural history relating to the appeal portion of this case is significantly more complicated than laid out in the body of this memorandum. Appellant filed three *pro se* appeals prior to this one. **See** 251 WDA 2023, 422 WDA 2023, and 910 WDA 2023. Appellant withdrew the first,
*(Footnote Continued Next Page)*

Appellant presents four issues for our consideration, which we have reordered for ease of disposition:

> I.    Whether the court erred as a matter of law or abused its discretion in failing to reinstate his pretrial rights after the Commonwealth provided a document on the last day of trial that was not furnished during discovery.
>
> II.   Whether the court erred as a matter of law or abused its discretion in permitting a potential juror to taint the entire jury panel, when that potential juror announced in front of the entire jury panel that [Appellant] caused an overdose.
>
> III.  Whether the court erred as a matter of law or abused its discretion in prevent[ing Appellant] from participating and aiding in his case pursuant to his rights under the United States Constitution and the Pennsylvania Constitution as [Appellant] was placed in solitary confinement for [eleven] months awaiting trial.
>
> IV.   Whether the court erred as a matter of law or abused its discretion when the court prevented . . . [A]ppellant to

_____

we quashed the second because Appellant's post-sentence motion remained outstanding, and we quashed the third as it purported to appeal from a non-existent order and his judgment of sentence was not yet final.

Additionally, with respect to the instant appeal, we note that the trial court did not rule on Appellant's post-sentence motion within 120 days. Generally, if a court does not decide a post-sentence motion within that period, it shall be deemed denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a). In that event, "the clerk of courts shall forthwith enter an order on behalf of the court . . . that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c). Here, the clerk did not so order, but the trial court denied the motion via order 157 days after it was filed. We have held that under similar circumstances, this constitutes a "breakdown in the court system." **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa.Super. 2003). Accordingly, in the interest of judicial economy, we exercise our power under Pa.R.A.P. 105(a) to disregard these technical errors and consider the appeal as properly filed within thirty days from the trial court order denying the post-sentence motion.

represent himself[,] violating his rights under the United States Constitution and the Pennsylvania Constitution.

Appellant's brief at 6-7.

In his first claim, Appellant argues that the court erred in failing to reinstate his pretrial rights after the Commonwealth purportedly engaged in a discovery violation. We interpret this position to assert that the trial court should have granted him a new trial. "We review a trial court's decision to grant or deny a motion for a new trial under an abuse of discretion standard." *Commonwealth v. Bell*, 167 A.3d 744, 746 (Pa.Super. 2017) (citation omitted). In so doing,

> we must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

*Id*. (citation omitted).

Appellant's claim is that, through Agent Kappeler as a rebuttal witness, the Commonwealth improperly introduced a document evidencing Appellant's residence when that document was not disclosed during discovery. He argues that after trial, there was a hearing on his post-sentence motion wherein he testified that his wife signed the document in question, not him. *See* Appellant's brief at 14. Appellant therefore contends that since the document was not given to him during discovery, he could not adequately contest its signatory at trial. *Id*. Appellant next confusingly argues that the

Commonwealth's conduct is akin to a **Brady**[5] violation, yet he readily concedes that the evidence was not exculpatory, and thus does not satisfy the elements of **Brady**. **Id**. at 14-16. He finally avers that the court should have prohibited admission of the exhibit because the Commonwealth engaged in a discovery violation by failing to supply the document pursuant to its open discovery policy. **Id**. at 16-17 (briefly discussing Pa.R.Crim.P. 573).

The trial court considered this claim under an abuse of discretion standard, applicable to the admission of rebuttal testimony. **See** Trial Court Opinion, 10/25/23, at 10. It stated that "the Commonwealth's admission of the [a]greement during Agent Kappeler's rebuttal testimony refuted [Appellant]'s prior testimony that he was never approved to reside" at the house in question. **Id**. Thus, the court concluded that Appellant was not entitled to a new trial since "the contents of the document directly rebutted the testimony offered by [Appellant.]" **Id**.

For its part, the Commonwealth contends that there was no discovery violation here because the document was not material to the case prior to trial. **See** Commonwealth's brief at 5. Rather, Appellant's numerous pre-trial motions and the corresponding hearings indicated that his defense revolved around the PBPP's standing to search the home, not that Appellant did not live

---

[5] **See Brady v. Maryland**, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

there. *Id*. The Commonwealth further notes that because Appellant was under supervision at the time, he had equal access to the document in question, which defeats any *Brady* claim. *Id*. It finally concludes that the claim fails due to Appellant's concession that the document was not exculpatory. *Id*. at 7.

Upon review, we conclude that this issue is waived because Appellant did not contemporaneously object to the admission of this document for the reason he now raises. While trial counsel initially lodged an objection before a foundation was fully laid, the objection was not renewed after the Commonwealth elicited further testimony. Moreover, Appellant did not assert at any time during trial that the document was inadmissible because it was not previously disclosed in discovery. Therefore, any challenge arising from this allegedly improperly admitted evidence cannot succeed. *See Commonwealth v. McGriff*, 160 A.3d 863, 866 (Pa.Super. 2017) (citing Pa.R.A.P. 302(a) and stating that "it is well-settled that a party must make a timely and specific objection at trial, and the failure to do so results in waiver of that issue on appeal").

Assuming, *arguendo*, that this issue is not waived, we nonetheless find that Appellant is not entitled to relief. To the extent that his claim asserts a *Brady* violation, it fails for the reason he himself acknowledges; the document was not exculpatory. *See*, *e.g.*, *Commonwealth v. Roney*, 79 A.3d 595, 607 (Pa. 2013) (stating that "[t]o establish a *Brady* violation, an appellant

must prove three elements: (1) **the evidence at issue was favorable to the accused**, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued" (emphasis added)). Additionally, Appellant's cursory reference to Rule 573 has not convinced us that there was any discovery violation by the Commonwealth, let alone one warranting a new trial. As the Commonwealth recalls, the document in question was only offered as rebuttal once Appellant changed his defense on the stand. In other words, Appellant raised the relevancy of his residency through his own testimony for the first time during trial, making it material only at that point. **See** Pa.R.Crim.P. 573(b)(1) (listing items required to be disclosed by the Commonwealth "provided they are material to the instant case"). He cannot now complain that he did not receive a document during discovery relating to something that he turned into a material issue. As such, this claim cannot succeed.

Appellant next asserts that the trial court erred in failing to secure a new jury panel based on purported prejudicial comments made by a potential juror in the panel's presence during *voir dire*. "The scope of *voir dire* rests within the sound discretion of the trial court, and we will not reverse the court's decisions on *voir dire* absent a palpable abuse of discretion." **Commonwealth v. Walker**, 305 A.3d 12, 16 (Pa.Super. 2023) (citation omitted). Furthermore, "[t]he sole purpose of *voir dire* is the empaneling of

a competent, fair, impartial, and unprejudiced jury capable of following the instructions of the trial court." ***Id***. (cleaned up).

In its Rule 1925(a) opinion, the trial court opined that this issue was waived because Appellant did not lodge any contemporaneous objection to the jury selection procedure. ***See*** Trial Court Opinion, 10/25/23, at 11. It also found that the factual premise underlying Appellant's claim was false for two reasons. First, the potential juror in question made her comment at sidebar about her neighbor dying from an overdose, not in front of the entire panel. ***Id***. at 12. Second, the remark was that the potential juror could not be impartial based on her experience with her neighbor, which in no way implicated Appellant. ***Id***. at 12-13.

Notably, Appellant does not address in his brief the court's position that this claim is waived. Nor does he explain how the comment in question affected the entire panel when it was made at sidebar. Instead, he summarily argues that statements made, as he described, would have tainted the jury panel. ***See generally*** Appellant's brief at 20-22.

Based on our review of the certified record, we agree with the trial court that this issue is waived. At no point during jury selection did Appellant object to the procedure conducted regarding the empaneling of the jury. Rather, at his request, this potential juror was stricken and selection moved forward. He thus may not challenge that process for the first time on appeal. ***Accord Commonwealth v. Jones***, 951 A.2d 294, 303 (Pa. 2008) (concluding that a

defendant's challenge to the Commonwealth's use of preemptory strikes was waived on appeal for failing to contemporaneously object).[6]

Appellant's remaining two issues allege that he was deprived of his right to representation of his choosing. "The alleged denial of a constitutional right is a question of law for which our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. McLendon*, 293 A.3d 658, 666 (Pa.Super. 2023) (citation omitted). Additionally, we note as follows:

> The Sixth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution guarantees a criminal defendant the right to assistance of counsel. However, the constitutional right to counsel of one's own choice is not absolute. Rather, the right of an accused individual to choose his or her own counsel, as well as a lawyer's right to choose his or her clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice. Thus, while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice.

*Id*. at 665-66 (cleaned up).

In the first of these claims, Appellant purports that he was effectively deprived of counsel by being placed in solitary confinement for eleven months. *See* Appellant's brief at 17-20. In addressing this issue, the trial court found that Appellant waived this argument for failing to raise it prior to appeal. *See* Trial Court Opinion, 10/25/23, at 10. Alternatively, it concluded that it did not

---

[6] Even if the issue was not waived, we would concur with the trial court that the factual premise underlying Appellant's assertion, that the potential juror stated that Appellant caused an overdose, is demonstrably false.

err or otherwise violate Appellant's constitutional rights because the Venango County Jail, not the court, was responsible for decisions relating to Appellant's incarceration. *Id*. at 11.

In response, Appellant argues that this matter was not waived because it was asserted in a petition for *habeas corpus* relief filed by Appellant in January 2023. **See** Appellant's brief at 18-19. He further reiterates that because he was placed in solitary confinement for such a long period, he had essentially no access to counsel and no ability to prepare his defense. **Id**. at 20.

We find no error with the trial court's decision to deny relief as to this issue. As the trial court noted in an order entered on August 4, 2023, the January filing from Appellant concerning his incarceration was properly re-docketed to a civil case Appellant filed against the warden of the jail. Thus, Appellant does not point to any filing in the certified record **of this case** demonstrating that this issue was presented before the trial court. There was no testimony taken to support Appellant's bald assertion that he was deprived of access to counsel based on his incarceration. Further, while Appellant did submit a request immediately before trial to proceed without counsel, as discussed below, the request was premised upon counsel purportedly hanging up on Appellant, not any lack of preparedness. In short, Appellant has not persuaded us that he was deprived of the right to representation on this basis.

Finally, Appellant argues that the court violated his constitutional rights when it prevented him from representing himself at trial. **See** Appellant's brief at 23 (identifying that the challenge relates specifically to the trial court's decision not to allow him to proceed *pro se* for trial, as opposed to later proceedings). This Court has acknowledged:

> Every defendant has the constitutional right to represent himself in criminal proceedings. However, this right is not absolute. A defendant's request to proceed *pro se* must be timely and unequivocal and not made for the purpose of delay. In reviewing the timeliness of the request to proceed *pro se*, courts generally consider the point in the proceedings that the request is being made. This Court has held that when the request to proceed *pro se* is asserted after "meaningful trial proceedings have begun," it is within the discretion of the trial court.

***Commonwealth v. El***, 933 A.2d 657, 662-63 (Pa.Super. 2007) (cleaned up).

The Pennsylvania Rules of Criminal Procedure address that process to be undertaken regarding waiver of counsel:

> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
>> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>>
>> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>>
>> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121 (a)(2).

Appellant argues that when the trial court denied his request, it did not weigh whether Appellant met the criteria for self-representation. *Id*. at 25 (discussing information the court shall elicit during any colloquy pursuant to Pa.R.Crim.P. 121). He laments that instead, the court solely considered whether the request would cause a delay, and he believes that the court could have respected his constitutional right while still maintaining the trial schedule. *Id*.

In its Rule 1925(a) opinion, the trial court recounted Appellant's history of requesting leave to proceed *pro se*. It noted that Appellant filed a first motion to dismiss counsel in December 2022. After an extensive colloquy conducted on January 5, 2023, Appellant decided to withdraw that request. However, Appellant filed his second motion six days later, on January 11, 2023, after the jury was selected and a week before trial was set to begin.

The court concluded that this was done to delay trial. *See* Trial Court Opinion, 10/25/23, at 13-14. Thus, it determined that the request was not timely, since it was made after trial proceedings began. *Id*. at 14.

Again, Appellant has failed to establish that the trial court violated his constitutional right to represent himself. Based on the circumstances surrounding the request, the court was within its rights to conclude that it was made for purposes of delay and that it was not prompt, since jury selection had already taken place, with trial to start the following week. *See El*, 933 A.2d at 663 (discussing that empaneling a jury constitutes a "meaningful trial proceeding" when considering the timeliness of this type of request). As the motion was submitted after trial proceedings had begun, the court had the discretion to deny the request. This is especially true because Appellant had just withdrawn a prior request in the same nature and had inundated the court with various *pro se* filings while represented throughout the life of the case, necessitating its need to proceed with the matter as scheduled. Accordingly, this claim does not garner relief.

For the reasons discussed above, Appellant has not given us cause to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/22/2024</u>