**[J-93-2024] [MO: Todd, C.J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 13 WAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered October 13, |
| | : | 2023, at No. 376 WDA 2022, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered February |
| HAROLD WALKER, | : | 11, 2022, at No. CP-02-CR- |
| | : | 0007381-2019. |
| Appellant | : | |
| | : | ARGUED:  November 20, 2024 |

**CONCURRING OPINION**

**JUSTICE WECHT**                                     **DECIDED:  AUGUST 19, 2025**

During *voir dire* at Harold Walker's trial for various sex offenses, the trial court permitted the following question, proposed by the Commonwealth, to be asked of prospective jurors over Walker's objection:

> Under Pennsylvania law, the testimony of the alleged victim standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty in a sexual assault case.  Thus, you may find the defendant guilty if the testimony of the alleged victim convinces you beyond a reasonable doubt that the defendant is guilty.  Would you be able to follow this principle of law?[1]

Walker now challenges that question on the grounds that it:  (1) impermissibly sought to reveal jurors' probable decisions in the instant case;[2] (2) was "in the nature of jury

---

[1]    *Commonwealth v. Walker*, 305 A.3d 12, 16 (Pa. Super. 2023); *see* Majority Op. at 2 n.8.

[2]    Walker's Br. at 11-18.

instructions and concerned a legal principle";[3] and (3) misstates the law.[4] The Majority correctly rejects each of these challenges and, thus, holds that the trial court did not abuse its discretion by allowing the question.[5] I agree with and join the Majority's analysis. I write separately to further clarify this Court's case law as to the nature and limits of *voir dire* questions involving legal principles. As I explain below, the *voir dire* question asked in the instant case was permissible under the principles that emerge from a complete reading of our case law.

Under the Sixth and Fourteenth Amendments to the U.S. Constitution, a criminal defendant has the right to an impartial jury.[6] To effectuate that right, a defendant must be permitted to assess fairly the qualifications of each potential juror during *voir dire*.[7] The purpose of *voir dire*, this Court has explained, is to empanel "a competent, fair, impartial, and unprejudiced jury capable of following the instructions of the trial court."[8] As the Majority aptly explains, the scope of *voir dire* lies within the discretion of the trial court, subject only to the "essential demands of fairness."[9] *Voir dire* is neither an unbounded opportunity to assess a juror's likely decisions in the case nor a chance to test-drive potential trial strategies.[10]

---

[3]     *Id.* at 24; *see id.* at 24-30.

[4]     *Id.* at 37-45.

[5]     Majority Op. at 10-15, 19-23.

[6]     *Commonwealth v. Knight*, 241 A.3d 620, 639 (Pa. 2020) (citing *Morgan v. Illinois*, 504 U.S. 719, 727-28 (1992)).

[7]     *Id.*; *Commonwealth v. Le*, 208 A.3d 960, 983 (Pa. 2019) (Wecht, J., concurring and dissenting).

[8]     *Knight*, 241 A.3d at 640 (quoting *Commonwealth v. Bomar*, 826 A.2d 831, 849 (Pa. 2003)).

[9]     *Id.* at 639 (quoting *Le*, 208 A.3d at 972-73); Majority Op. at 6.

[10]     *Knight*, 241 A.3d at 640 (quoting *Bomar*, 826 A.2d at 849).

To that end, this Court has placed some limits on questions that seek to probe jurors' views on legal principles, or to assess jurors' likely application of such principles to particular sets of facts. In *Commonwealth v. Calhoun*,[11] this Court reviewed a trial court's refusal to permit the following questions to be asked during *voir dire* in a first-degree murder trial where the defendant intended to raise an insanity defense:

> 1.  [M]urder is defined to be as follows: Murder is where a person of sound memory and discretion unlawfully killeth another human creature in being against the king's peace with malice aforethought, either express or implied. What do you understand by the words "a person of sound memory and discretion?"
>
> 2.  [I]f the testimony by its weight will satisfy you that at the time this homicide was committed that the accused was laboring under a mental disease of insanity, either partially or general, creating in his mind an irresistible impulse or desire to take life, and while under the controlling force or power of that impulse he did take life, would you deem him legally responsible for his act?[12]

This Court agreed with the trial court that the questions were impermissible. We explained that:

> Counsel may not examine a proposed juror upon his understanding of the law, and that is what these interrogations amounted to. One called to the book as a juror may be asked the broad question whether, if sworn as a trier, he would accept and act upon the law as stated to him by the court; and this is as far as the examination on the *voir dire* may properly proceed along that line.[13]

*Calhoun*'s reasoning has generated some confusion in subsequent cases. In *Commonwealth v. Lopinson*,[14] we echoed the same principle and rejected a set of *voir dire* questions, without further discussion. We stated simply that questions regarding a

---

[11]   86 A. 472 (Pa. 1913).

[12]   *Id.* at 473 (numericized, internal quotation marks modified and omitted).

[13]   *Id.* at 475.

[14]   234 A.2d 552 (Pa. 1967), *vacated on other grounds sub nom. Lopinson v. Pennsylvania*, 392 U.S. 647 (1968).

prospective juror's "understanding and acceptance of certain principles of law" cannot be posed to potential venirepersons.[15]

In *Commonwealth v. Kingsley*,[16] we again reviewed a series of questions that sought to uncover jurors' views on particular legal principles at issue in the case. Those questions were as follows:

1.    Do you have any problem in your own conscience with the legal principle that, as Gilbert L. Kingsley sits here now, he is presumed innocent?

2.    Do you have any problem in your own conscience that the burden of proof is upon the Commonwealth to prove beyond a reasonable doubt that the Defendant is guilty of the charges against him?

3.    Do you have any problem in your own conscience that it is incumbent upon the Commonwealth to prove the charges here beyond a reasonable doubt and it is not incumbent upon Gilbert L. Kingsley, who is presumed innocent, to prove he is not guilty?

4.    Are you willing to acquit the Defendant unless the Commonwealth of Pennsylvania overcomes the presumption of innocence and proves the charges beyond a reasonable doubt?

5.    Do you agree that the presumption of innocence is so strong that the Defendant may even rely upon it and that he has no duty to take the stand to prove his innocence?

6.    Do you agree that you will acquit Gilbert L. Kingsley unless the Commonwealth of Pennsylvania proves each and every element of the offenses charged beyond a reasonable doubt?

7.    Do you agree that even if the Commonwealth of Pennsylvania proves some of the elements of the offenses charged but does not prove each and every element of the offenses charged beyond a reasonable doubt, that you will acquit Gilbert L. Kingsley?[17]

---

[15]    *Id.* at 561.

[16]    391 A.2d 1027 (Pa. 1978).

[17]    *Id.* at 1033 (renumbered, punctuation altered).

We held in *Kingsley* that the trial court was correct to reject these questions. Citing *Lopinson*, we proceeded to state that "*voir dire* questions concerning legal principles" are "improper."[18]

The *Kingsley* Court's rejection of each of the proposed questions is consistent with the principle stated in *Calhoun* and summarized in *Lopinson*—that *voir dire* questions generally cannot inquire into the jurors' understanding or acceptance of legal principles, or attempt to assess how a juror would apply those principles. Each of the rejected questions in *Kingsley* attempted one or both of these. *Kingsley* does not stand for the proposition that Walker now attributes to it: that all *voir dire* questions which reference a legal principle are impermissible. This is an erroneously broad reading of *Kingsley*. To the extent that the Court's statement in *Kingsley*—dismissing questions "concerning legal principles" as "improper"—suggests such a rule, the *Kingsley* Court overstated the very principle it applied.

On the contrary, the *Calhoun* Court made clear that trial courts may ask each venireperson "the broad question whether, if sworn as a trier, he would accept and act upon the law as stated to him by the court."[19] Since *Calhoun*, this Court has consistently approved of questions asking whether potential jurors would be capable of following the trial court's instructions on a particular principle of law. For example, in *Commonwealth v. Bomar*,[20] this Court approved the following questions (as rephrased by the trial court after it rejected other iterations thereof). First:

> If the law told you, I told you, that the law said, look, these are the mitigating circumstances that you may consider if you believe evidence is presented.

---

[18]    *Id.* (citing *Lopinson*, 234 A.2d at 552).

[19]    86 A. at 475.

[20]    826 A.2d 831 (Pa. 2003).

Would you fail to follow the law and at least consider [what] I told you was to be considered by you?[21]

And second:

If the Defendant's convicted of first-degree murder, and only if the Defendant's convicted of first-degree murder, what I will do is tell the jury that they must consider the evidence, if any, of aggravating circumstances and the evidence, if any, of mitigating circumstances.

And I'm going to tell the jury these are the factors that you must consider. There are the aggravating factors that have been presented and these are the mitigating factors that have been presented. And you must consider the evidence that's been presented with respect to each one of those in making your determination. Would you do that?[22]

In approving of these questions, we characterized both as "appropriate general questions which revealed that the jurors in question would consider all the evidence, both aggravating and mitigating, and follow the court's instructions."[23]

Likewise, in *Commonwealth v. Montalvo*,[24] this Court approved a question as to whether prospective jurors would be capable of adhering to the trial court's instructions. There, the trial court explained to the prospective jurors the difference between direct and circumstantial evidence.[25] After giving that explanation, the trial court asked prospective jurors the following:

---

[21]     *Id.* at 848.

[22]     *Id.*

[23]     *Id.* at 849.

[24]     986 A.2d 84 (Pa. 2009).

[25]     The trial court explained:

There are two types of evidence in a case. There is direct evidence and there is what we call circumstantial evidence.

Direct evidence is what we all saw at noon and that was it was raining. You saw it rain. At least I hope you saw it rain. But it was raining at noon.

(continued…)

Does anyone have any reservations or doubts about accepting the fact that a Defendant's guilt can be established solely by circumstantial evidence? And I will instruct you that the guilt of a Defendant may be established by circumstantial evidence alone but only if certain factors are met by the Commonwealth. Does anybody have a problem following the Court's instruction concerning circumstantial evidence?[26]

We held that the trial court did not abuse its discretion by asking the question, because it "simply asked if the jurors were capable of following that court's instructions."[27]

Synthesizing these decisions, our case law bears out a key distinction. Questions regarding a juror's opinion or knowledge of a principle of law are impermissible,[28] as are

---

Circumstantial evidence would be if you were in a room and didn't have any windows today and you walk out at the end of the day at 4:30, or whatever time before that we adjourn for the night, and you see people carrying umbrellas, you see people wearing raincoats, streets are wet, there [are] puddles along the gutter, along the sidewalk, cars have droplets of water on [them], but it's not actually raining, that is all circumstantial evidence, facts that lead to the conclusion that it had rained.

It was not direct evidence. You did not see it rain, but there are all of these other facts that lead you to the conclusion that it rained when I was in that courthouse today.

*See id.* at 92-93.

[26]    *Id.* at 93.

[27]    *Id.*

[28]    *See Commonwealth v. England,* 375 A.2d 1292, 1295-96 (Pa. 1977) (explaining that it would have been "inappropriate" to ask prospective jurors, "Do you agree with the legal [principle] that the defendant has no obligation to prove, or disprove, any fact, but may remain silent[?]," and holding that the trial court did not abuse its discretion by disallowing the question); *Commonwealth v. Marrero,* 687 A.2d 1102, 1107 (Pa. 1996) (holding that the trial court did not abuse its discretion by refusing to allow defendant to ask whether prospective jurors "were aware that in Pennsylvania a sentence of life imprisonment meant life imprisonment without the possibility of parole"); *id.* ("[Q]uestioning potential jurors regarding their personal knowledge of the law in Pennsylvania does not aid in the inquiry of whether they will be able to follow the law applicable to the matter as instructed by the trial court.").

hypothetical questions seeking an answer as to how jurors would apply the law.[29] Questions that gauge a juror's willingness and ability to adhere to a trial court's instructions on such principles, however, fall within the limits of *voir dire*.[30] This distinction is grounded in the very purpose of *voir dire*: to identify qualified jurors who are "competent, fair, impartial, and unprejudiced."[31] The ability and willingness to follow jury instructions, among other traits, are critical to a juror's qualifications to serve.[32] Jurors' personal opinions regarding the merits of legal principles are not. In *Commonwealth v. England*, this Court explained:

> A prospective juror's personal views are of no moment absent a showing that these opinions are so deeply embedded as to render that person incapable of accepting and applying the law as given by the court. So long as the juror is able to, intends to, and eventually does, adhere to the instructions on the law as propounded by the trial court, he or she is capable of performing the juror's function.[33]

Moreover, as the Majority explains, questions seeking to understand how a prospective juror would apply the law to certain facts, or seeking to extract commitments from jurors that they will reach particular outcomes based upon certain facts, are nothing more than thinly-veiled attempts to discover the jurors' likely decisions in the case.[34] This Court has

---

[29] *See Commonwealth v. Moon*, 132 A.2d 224, 226 (Pa. 1957) (rejecting proposed *voir dire* question as an improper hypothetical); *see generally Le*, 208 A.3d at 985-87 (Wecht, J., concurring and dissenting) (explaining that questions attempting to "stake-out" jurors' likely opinions based upon certain facts, or "pre-commit" jurors to a particular outcome, are improper (citing *United States v. Johnson*, 366 F. Supp. 2d 822, 840, 845 (N.D. Iowa 2005))).

[30] *See Bomar*, 826 A.2d at 849; *Montalvo*, 986 A.2d at 93.

[31] *Knight*, 241 A.3d at 640 (quoting *Bomar*, 826 A.2d at 849).

[32] *Id.* at 640 (quoting *Bomar*, 826 A.2d at 849).

[33] *England*, 375 A.2d at 1296.

[34] Majority Op. at 19.

made clear that the primary purpose of *voir dire* is to facilitate the selection of an impartial jury—not a favorable one.

These principles are consistent with the holdings in *Calhoun* and *Kingsley*. To the extent that this Court's statement in *Kingsley*[35] can be read to mean that *voir dire* questions may never reference or touch upon principles of law, *Kingsley* overstates its own holding and mischaracterizes the limits of *voir dire*. The Majority correctly holds that the question posed in this case fell within the trial court's discretion, because it was designed to assess the jurors' ability to follow the court's instructions on the law. I would clarify today that the law does not categorically bar all questions that reference legal principles.[36] Our cases permit questions that seek to ascertain jurors' ability to adhere to the trial court's instructions. The questions prohibited by our cases are those that seek out venirepersons' opinions of legal principles or ask them to engage in hypothetical applications of such principles.[37]

---

[35] "[V]oir dire questions concerning legal principles [are] improper questions." *Kingsley*, 391 A.2d at 1033.

[36] *But see* Majority Op. at 20 (acknowledging statement in *Kingsley* suggesting a bright-line rule against *voir dire* questions "concerning legal principles").

[37] To say that a question is permissible at *voir dire* is to say that it falls within the trial court's discretion. Trial courts may, but need not, permit such a question to be asked. This Court and the United States Supreme Court have identified some limited circumstances in which a trial court must, upon request, ask about jurors' ability to apply legal principles. *See Morgan*, 504 U.S. at 733-34 (holding that a defendant in a capital case has the right to inquire whether jurors would "automatically" impose the death penalty); *Bomar*, 826 A.2d at 846 (noting the same). *But see Commonwealth v. Fisher*, 290 A.2d 262, 264-65 (Pa. 1972) (holding that the trial court did not abuse its discretion by refusing to allow defense counsel to ask whether jurors could apply the law of self-defense, because unlike cases involving the death penalty, there was "no showing of a widespread public concern with a juror's ability to impartially and fairly apply the law of self-defense"). Holding, as we do, that the *voir dire* question in this case was permissible does not mean that the question would have been required upon request.

The question proposed by the Commonwealth in this case provided prospective jurors with a principle of law—that a victim's testimony, standing alone, can support a conviction for sexual assault—and then asked whether the prospective juror could follow that legal principle. It therefore falls on the right side of our case law, as a question aimed at ascertaining jurors' ability to follow the trial court's instructions.