J-S22020-23

2023 PA Super 201

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　:　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
HAROLD WALKER　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　Appellant　　　:　No. 376 WDA 2022

Appeal from the Judgment of Sentence Entered February 11, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No:　CP-02-CR-0007381-2019

BEFORE:　OLSON, J., STABILE, J., and MURRAY, J.

OPINION BY STABILE, J.:　　　　　　　　　**FILED:　October 13, 2023**

　　Appellant, Harold Walker, appeals from his judgment of sentence of 30½-61 years' imprisonment for rape of a child and related offenses. Appellant argues that the trial court erred by asking prospective jurors during *voir dire* whether they could follow the principle that the testimony of the alleged victim standing alone, if believed, could constitute sufficient proof upon which to find the defendant guilty of sexual assault beyond a reasonable doubt.　We conclude that this inquiry was proper, and we affirm.

　　The trial court accurately summarized the evidence adduced as follows:

> At trial, the victim in this case, eighteen-year-old M.W., testified that in 2013, she lived at home with her mother and her infant sister.　She testified that Appellant [] was her mother's boyfriend at the time and would sometimes babysit them.　M.W. testified that when her mother was at work, Appellant would enter her bedroom, take off her underwear, and put his penis into her vagina.　She testified that Appellant first did this to her when she was ten years old and it would happen approximately every other day.　When M.W. was twelve, she told her mother and grandmothers what Appellant was doing to her.　She also told her

doctor, who then tested her for a sexually transmitted infection ("STI"). M.W. testified that her mother did not believe her and became angry with her. M.W. stated that she started to punch walls, break things, and cut herself to deal with her trauma. When M.W. was sixteen years old, she disclosed to one of her teachers, Kimberly Dunbar.

M.W. remembered having a forensic interview and testified that she believed that she disclosed the incidents to the interviewer. The forensic interview was recorded and played at trial. M.W., her recollection refreshed by the playing of the interview, was asked why she didn't disclose to the interviewer, and she responded that she was scared of what would happen if she did.

Dr. Jennifer Clarke of the Child Advocacy Center at Children's Hospital of Pittsburgh, testified as an expert witness in pediatrics and the diagnosis of child abuse. Dr. Clark reviewed M.W.'s medical records and observed that M.W. had been diagnosed with trichomoniasis, an STI, when she was eleven years old. The records indicate a concern for sexual abuse; however, the child did not disclose and the physical examination was normal. Dr. Clarke testified that a normal physical examination does not preclude the occurrence of sexual abuse. On September 9, 2015, Dr. Clarke interviewed M.W. as part of a follow-up from the physical examination. Dr. Clarke testified that M.W. disclosed sexual abuse by her mother's boyfriend. M.W. said that she wanted it to stop, but also stated that if Dr. Clarke told anyone, M.W. would lie and say that she had a boyfriend who gave her the STI. Based on the disclosure and the STI, Dr. Clarke diagnosed M.W. with sexual abuse. Dr. Clarke further stated that M.W. would not have been able to contract trichomoniasis from wearing another person's underwear.

Anna Henderson, M.W.'s maternal grandmother, and Kimberly Dunbar, M.W.'s former teacher, both testified that M.W. disclosed that Appellant had sexually abused her.

Pa.R.A.P. 1925 Opinion ("Opinion"), 9/23/22, at 3-4.

On August 8, 2019, Appellant was charged with multiple sexual offenses. On August 9, 2021, Appellant was convicted on all counts following a jury trial. On February 11, 2022, the court imposed sentence. Appellant

filed timely post-sentence motions, which the court denied, and a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

1. Did the trial court err by permitting the Commonwealth to ask prospective jurors during *voir dire* whether they could follow the legal principle that an alleged victim's testimony, standing alone, [was] sufficient proof upon which to find [Appellant] guilty, as that question did not meet the purposes of jury selection and misstated the burden of proof?

2. Did the trial court abuse its discretion by committing two errors in the course of imposing a manifestly excessive aggregate sentence: (a) it focused inordinately on the gravity of the offense and the victim impact at the expense of [Appellant's] character and rehabilitative needs; and (b) it considered improper factors?

Appellant's Brief at 4.

In his first argument, Appellant contends that the court erred by allowing the Commonwealth to ask the following question to prospective jurors during *voir dire*:

Under Pennsylvania law, the testimony of the alleged victim standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty in a sexual assault case. Thus, you may find the defendant guilty if the testimony of the alleged victim convinces you beyond a reasonable doubt that the defendant is guilty. Would you be able to follow this principle of law?[1]

_____

[1] Although the transcript of *voir dire* proceedings is not in the certified record, the Commonwealth admits that it has "no reason not to believe" that the court asked this question during *voir dire*. Commonwealth's Brief at 7 n.1. Accordingly, we will assume both that the court asked this question and that Appellant raised a timely objection.

Commonwealth's Proposed *Voir Dire* Questions, at ¶ 1. We hold that this question was proper.

The scope of *voir dire* rests within the sound discretion of the trial court, and we will not reverse the court's decisions on *voir dire* absent a palpable abuse of discretion. ***Commonwealth v. Mattison***, 82 A.3d 386, 397 (Pa. 2014). The sole purpose of *voir dire* is the "empaneling of a competent, fair, impartial, and unprejudiced jury capable of following the instructions of the trial court." ***Commonwealth v. Delmonico***, 251 A.3d 829, 832 (Pa. Super. 2021). Neither party is "permitted to ask direct or hypothetical questions designed to disclose what a juror's present impression or opinion as to what his decision will likely be under certain facts which may be developed in the trial of a case." ***Commonwealth v. Knight***, 241 A.3d 620, 640 (Pa. 2020). *Voir dire* "is not to be utilized as a tool for the attorneys to ascertain the effectiveness of potential trial strategies." ***Id***.

Additionally, a court will not be found to abuse its discretion during *voir dire* examination by refusing to permit questions whose subject matter falls within the province of the court to address in its instructions to the jury. ***Commonwealth v. Perea***, 381 A.2d 494, 497 (Pa. Super. 1977); ***Commonwealth v. Ritter***, 615 A.2d 442, 446-447 (Pa. Super. 1992). Questions however that seek a prospective juror's opinion about a principle of law are not permissible under *voir dire* examination. ***Commonwealth v. Bright***, 420 A.2d 714, 717 (Pa. Super. 1980).

Appellant claims that the Commonwealth asked its *voir dire* question for the improper purpose of determining what the prospective jurors' attitudes would be when "asked to pass upon the guilt of [Appellant] after having been presented with nothing more than [the victim's] uncorroborated allegations." Appellant's Brief at 35. Relatedly, Appellant insists that the question was improper because it "was in the nature of a jury instruction" and it inquired "into each prospective juror's understanding and opinion of specific principles of law and their ability to accept and act upon them...." *Id.* at 32-33. We disagree.

The *voir dire* question was derived from a standard jury instruction, which reads:

> The testimony of [name of victim] standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty in this case. The testimony of the victim in a case such as this need not be supported by other evidence to sustain a conviction. Thus you may find the defendant guilty if the testimony of [name of victim] convinces you beyond a reasonable doubt that the defendant is guilty.

Pa. SSJI (Crim) 4.13B. In turn, this jury instruction came from 18 Pa.C.S.A. § 3106, a statute pertaining to sexual assault cases, which provides:

> The credibility of a complainant of an offense under this chapter shall be determined by the same standard as is the credibility of a complainant of any other crime. The testimony of a complainant need not be corroborated in prosecutions under this chapter. No instructions shall be given cautioning the jury to view the complainant's testimony in any other way than that in which all complainants' testimony is viewed.

18 Pa.C.S. § 3106.

The Commonwealth had a proper purpose for asking the *voir dire* question. Its purpose was to identify jurors who hold fixed beliefs that are untenable under Section 3106—specifically, the belief that a defendant's guilt cannot be established beyond a reasonable doubt in a rape case (1) without DNA or other forensic evidence or (2) when the case boils down to the word of the complainant versus the word of the defendant (a so-called "he said, she said" case). Any prospective juror holding either of these fixed beliefs had to be questioned further and had to be excused for cause if he could not set aside those beliefs. *See Commonwealth v. Kelly*, 134 A.3d 59, 60 (Pa. Super. 2016) (it is appropriate to use *voir dire* examination to disclose fixed opinions or expose other reasons for disqualification of prospective jurors).

Two recent unpublished decisions provide persuasive authority for finding the *voir dire* question proper: *Commonwealth v. Antill*, 2019 WL 2950181 (Pa. Super., Jul. 9, 2019), and *Commonwealth v. Wilson*, 2020 WL 5423952 (Pa. Super., Sep. 10, 2020), *vacated on different grounds*, 272 A.3d 446 (Pa. 2022).[2] In both cases, we held that *voir dire* questions identical in substance to the question herein were asked for a proper purpose. In *Antill*, the Commonwealth asked prospective jurors, "Under Pennsylvania law, the testimony of the victim standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty if the testimony of the victim

---

[2] *See* Pa.R.A.P. 126(b) (non-precedential memoranda of Superior Court filed after May 1, 2019 may be cited for their persuasive value).

convinces you beyond a reasonable doubt that the defendant is guilty. Would

you be able to follow this principle of law?"[3]  ***Antill***, 2019 WL 2950181, *1.  A

panel of this Court explained:

> Antill argues that "questions which are in the nature of jury
> instructions are wholly inappropriate for *voir dire* examination."
> In support of this proposition, Antill cites to ... ***Bright***.... Upon
> reviewing ***Bright***, we conclude Antill's argument stretches the
> language of that opinion beyond the breaking point.
>
> In ***Bright***, the defendant sought to ask prospective jurors
> regarding their ability to dissent from the views of the majority of
> their fellow jurors.  [***See Bright***, 420 A.2d at 717].  The trial court
> refused the defendant's request.  ***See id***.  Importantly, this Court
> held that "the question was in the nature of a jury instruction and
> that, since the court gave proper instructions, no error occurred
> from the refusal to allow the question."  ***Id***.  After examining the
> trial court's instructions to the jury, the ***Bright*** panel concluded
> "the [trial] court's opening remarks and closing instructions ...
> clearly demonstrate the trial court adequately and correctly
> instructed the jury."  ***Id***.
>
> As a result, the ***Bright*** Court did not affirmatively hold that the
> proposed instruction should be excluded due to its similarity to a
> jury instruction.  Instead, the Court merely found that the trial
> court did not err in excluding the question since the trial court
> properly instructed the jury on the relevant points of law.
>
> Here, Antill is attempting to turn ***Bright*** into a bright-line rule that
> would effectively eviscerate our standard of review.  We decline
> to accept Antill's invitation to create a new standard for *voir dire*
> proceedings.[2]
>
> > [2]Antill also cited ***Commonwealth v. Perea***, 381 A.2d 494 (Pa.
> > Super. 1977), ***Commonwealth v. Hoffman***, 398 A.2d 658 (Pa.
> > Super. 1979), and ***Commonwealth v. Ritter***, 615 A.2d 442 (Pa.
> > Super. 1992), for the same proposition as ***Bright***.  Each of these
> > precedents are similar to ***Bright***, in that this Court reviewed a
> > trial court ruling denying a requested jury instruction.  ***See***
> > ***Perea***, [381 A.2d] at 496; ***Hoffman***, [398 A.2d] at 660; ***Ritter***,

---

[3] The question in ***Antill*** had one sentence.  The question in the present case
has two sentences but expresses precisely the same concepts.

[615 A.2d] at 446-447. None of them created the bright line rule sought by Antill here.

Turning to the circumstances at hand, the Commonwealth's case was based almost entirely on the victim's testimony. Pursuant to this state of affairs, we cannot conclude the court abused its discretion when it permitted a question designed to expose any fixed opinions of the jurors regarding the lack of physical or corroborating evidence. As such, the question was used to "secure a competent, fair, impartial and unprejudiced jury" and was not used to ascertain the effectiveness of a potential trial strategy. *See* [***Commonwealth v.***] ***Ellison***, 902 A.2d [419,] 423-24 [(Pa. 2006)].

*Id.* at *1-2 (some citations omitted); *see also **Wilson***, 2020 WL 5423952, at *5-7 (citing above passage in ***Antill***). This analysis provides persuasive support for our conclusion that the Commonwealth had a proper purpose for asking the *voir dire* question in the present case.

Appellant also contends that the *voir dire* question incorrectly states the law, since it did not instruct that the victim's testimony must be believed beyond a reasonable doubt and be sufficient to establish each element of the crimes with which Appellant was charged. Appellant's Brief at 42. We hold that the *voir dire* question was legally valid. Its first sentence states that the testimony of the alleged victim, standing alone, is sufficient proof upon which to find the defendant guilty. This precept is correct under both the text in 18 Pa.C.S.A. § 3106 that "the testimony of a complainant [in a sexual assault prosecution] need not be corroborated" and the many decisions that follow this precept. *See*, *e.g.*, ***Commonwealth v. Gonzalez***, 109 A.3d 711, 721 (Pa. Super. 2015). The second sentence of this question states that the defendant may be found guilty if the alleged victim's testimony convinces the

jury beyond a reasonable doubt that the defendant is guilty. This sentence accurately states that the Commonwealth's burden of proof is beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970) (Due Process Clause of Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

Appellant contends that the *voir dire* question is invalid because its first sentence does not state that an accuser's testimony standing alone, must be believed by the jury "beyond a reasonable doubt" in order to find the defendant guilty in a sexual assault case. Appellant's Brief at 27. Appellant ignores the fact that the second sentence includes the phrase "beyond a reasonable doubt." There is no requirement that each sentence of the *voir dire* question include the phrase "beyond a reasonable doubt." Appellant further complains that the second sentence is defective because it lacks the following italicized phrase, "You may find the defendant guilty if the testimony of the alleged victim *establishes each element of the crime* beyond a reasonable doubt." Appellant's Brief at 27. Appellant fails to cite any decision that requires this level of detail in a *voir dire* question; nor do we know of any. Even assuming that the *voir dire* question lacked sufficient detail, the court corrected this omission by charging the jury in its closing instructions that the

Commonwealth had the burden of proving "each and every element of the crimes charged" beyond a reasonable doubt. Tr. at 619-20.[4]

For these reasons, Appellant's first argument does not require relief.

In his second argument, Appellant asserts that his sentence constitutes an abuse of the trial court's discretion, because (1) the court gave inordinate weight to aggravating sentencing evidence and not enough weight to mitigating evidence, and (2) the court erred by considering improper factors, namely evidence that the victim's relationship with her mother became strained because her mother refused to believe her claim that Appellant sexually abused her.

The right to appeal the discretionary aspects of one's sentence is not absolute, and the jurisdiction of this Court must be properly invoked. To raise a substantial question, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order

---

[4] We note that **Antill** claimed, without any supporting analysis, that the *voir dire* question in that case "[did] not accurately state the law." **Id.**, 2019 WL 2950181, at *3. We do not consider this point persuasive due to **Antill's** failure to provide supporting analysis. Moreover, in our view, the *voir dire* question in **Antill** was entirely valid, since it was substantively identical to the *voir dire* question in the present case, which we have found valid for the reasons given above.

- 10 -

to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220-21 (Pa. Super. 2011)).

With regard to Appellant's first claim, the record confirms that Appellant filed a timely notice of appeal and properly preserved the issue in a post-sentence motion. He also included a Rule 2119(f) statement in his appellate brief filed. Finally, Appellant has raised a substantial question. ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) ("an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question").

Turning to the substance of this issue, our well-settled standard of review concerning the discretionary aspects of sentencing is as follows:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court [is] in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Patterson***, 180 A.3d 1217, 1231-32 (Pa. Super. 2018).

The trial court reasoned:

This Court reviewed the presentence report and the sentencing guidelines prior to imposing sentence. (Sentencing hearing, Feb. 11, 2022 (hereinafter "ST") at 4). The Pennsylvania Supreme Court has held:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors Having been informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa.Super. 1988).

In imposing its sentence on Appellant, this Court considered the sentencing factors listed in 42 Pa.C.S.A. § 9721(b) (the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant), in addition to the Pre-Sentence Report. This Court considered Appellant's age and the letters written on his behalf regarding his character. ST 37. In addition, the Court considered as a mitigating factor in sentencing Appellant that he had a stale prior record score, indicating that his previous crimes occurred several years ago. ST 36.

However, this Court must also consider the gravity of the offense and its impact on the victim. Although Appellant was charged with only one count of Rape of a Child, the evidence established that he repeatedly raped a young girl from the time she was ten years old until she was twelve years old. ***Id.*** Appellant gave her a sexually transmitted infection when she was eleven years old. ***Id.*** Moreover, he was not a stranger, but a person who was placed in a position of trust by the victim's mother. ***Id.*** The violation of that trust caused a rift between mother and daughter that remains to this day. ***Id.*** Although Appellant is not responsible for repairing this relationship, he bears a substantial portion of the blame for creating the circumstances which damaged it. This Court considered Appellant's substantial need for rehabilitation and risk to the community, and the serious nature of the crimes and the impact of those crimes on the victim and her family in imposing sentences that were within or below the standard range of the Sentencing Guidelines. Since this Court appropriately considered

- 12 -

both the aggravating and mitigating factors in fashioning its sentence, no error occurred and this issue is without merit.

Opinion at 9-10. Based on this cogent analysis, we conclude that Appellant's claim of abuse of discretion lacks merit.

Appellant has waived his second claim of sentencing error, an argument that the court considered improper sentencing factors (the strain in the victim's relationship with her mother), because Appellant failed to raise this objection at sentencing or in his post-sentence motion. *Dunphy*, *supra*. Even if he had preserved this issue, it would not have required relief. At sentencing, the court may take into account a victim impact statement detailing the harm caused to the victim by Appellant's crimes. *Commonwealth v. Smithton*, 631 A.2d 1053, 1057 (Pa. Super. 1993); 42 Pa.C.S.A. § 9721(b) (sentencing court may consider the "gravity of the offense as it relates to the impact on the life of the victim"). Here, the victim impact statement was read into the record during sentencing. The victim asserted that when she disclosed Appellant's abuse to her mother, her mother called her a liar and sided with Appellant, causing the victim serious emotional harm. ST at 27-29. Because the rupture in the victim's relationship with her mother, and the resulting emotional trauma, was a direct result of Appellant's crimes, the court properly took this evidence into account when considering the "gravity of the offense as it relates to the impact on the life of the victim." 42 Pa.C.S.A. § 9721(b).

Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  10/13/2023